1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| CAMILLE ARMSTEAD, GERRY CHAMBERLAIN, TERENCE KLAFKE, JUDITH LARSEN, ROBERTO R. LOPEZ, SANDRA LOPEZ, CATHY LUKE, JAMES LUMPKIN, ROBERT MARTINEZ, LAWRENCE MULLALY, BLANCA PASOS, MONICA QUIJANO, ESTHER REYES, GILBERT SANCHEZ, JAVIER SANCHEZ, KENNETH SANTOLLA, TIMOTHY SCHEY, and YVONNE WHITEMAN,<br><br>         Plaintiffs,<br><br>      vs.<br><br>CITY OF LOS ANGELES, and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO. CV 14-05675 MMM (CWx)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR MISJOINDER AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE |

12
13
14
15
16
17
18
19
20
21
22
23
24

On July 21, 2014, Camille Armstead and plaintiffs Gerry Chamberlain, Terence Klafke,

25

Judith Larsen, Roberto R. Lopez, Sandra Lopez, Cathy Luke, James Lumpkin, Robert Martinez,

26

Lawrence Mullaly, Blanca Pasos, Monica Quijano, Esther Reyes, Gilbert Sanchez, Javier

27

Sanchez, Kenneth Santolla, Timothy Schey, and Yvonne Whiteman (collectively, the "Joined

28

Plaintiffs") filed this action against the City of Los Angeles (the "City") and various fictitious

defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*[1] On September 9, 2014, the City filed a Rule 12(f) motion to dismiss or strike the joined plaintiffs on the basis that they were misjoined under Rule 21 of the Federal Rules of Civil Procedure. It also moves to strike various collective action allegations.[2] Plaintiffs opposed the City's motion on November 17, 2014.[3]

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds this matter appropriate for decision without oral argument. The hearing calendared for December 8, 2014, is therefore vacated, and the matter taken off calendar.

# I. FACTUAL BACKGROUND

## A. Facts Alleged in the Complaint

### 1. The Plaintiffs

Plaintiffs previously filed opt-in consents to join two collective actions filed in this district: *Roberto Alaniz v. City of Los Angeles, et al.*, No. CV 04-8592 GAF (AJWx), and *Cesar Mata v. City of Los Angeles, et al.*, No. CV 07-6782 GAF (AJWx).[4] On May 21, 2014, Judge Gary Allen Feess decertified the collective actions in *Alaniz* and *Mata*, and dismissed plaintiffs' claims without prejudice.[5] Thereafter, the opt-in plaintiffs in the decertified *Alaniz* and *Mata* actions filed twenty-eight separate cases pleading the claims raised in *Alaniz* and *Mata*.[6]

---

[1]Complaint, Docket No. 1 (July 21, 2014).

[2]Notice of Motion and Motion to Strike, or in the Alternative, to Dismiss All Individually Named Plaintiffs Except Camille Armstead ("Motion"), Docket No. 10 (Sept. 9, 2014).

[3]Opposition to Motion to Strike, or in the Alternative, to Dismiss All Individually Named Plaintiffs Except Camille Armstead ("Opposition"), Docket No. 16 (Nov. 17, 2014).

[4]Complaint, ¶ 11.

[5]*Id.*

[6]The other actions that were filed are: *Abner v. City of Los Angeles, et al.*, No. CV 14-05655 PA (MRWx); *Abordo v. City of Los Angeles, et al.*, No. CV 14-05640 R (AJWx); *Abrams v. City of Los Angeles, et al.*, No. CV 14-05646 ODW (SHx); *Abucejo v. City of Los Angeles, et*

Among the cases filed was this one.  The eighteen named plaintiffs assert that joinder of their claims is appropriate under the Federal Rules of Civil Procedure because

"[a]ll Plaintiffs herein have the same or substantially similar claims.  These Plaintiffs performed work for the Defendant within the geographical area encompassing the United States District Court for the Central District of California.  At all times relevant hereto, Plaintiffs were employees of this Defendant as contemplated and defined by 29 U.S.C. [§] 203 (e)(1).  Joinder of all the Plaintiffs' claims is proper due to the fact that the allegations alleged herein involve the same wrongful and/or illegal employment policy, practice, and/or scheme committed by the Defendant and that each named plaintiff claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may, as a practical[ ] matter impair or impede the person's ability to protect the interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.  Moreover, plaintiffs assert the right to relief jointly, severally, or in the alternative, with

---

*al.*, No. CV 14-05666 GW (MRWx); *Acevedo v. City of Los Angeles, et al.*, No. CV 14-05661 GHK (PJWx); *Aceves v. City of Los Angeles, et al.*, No. CV 14-05678 JAK (CWx); *Achambault v. City of Los Angeles, et al.*, No. CV 14-05660 FMO (VBKx); *Ackerley v. City of Los Angeles, et al.*, No. CV 14-05654 JAK (JPRx); *Acosta v. City of Los Angeles, et al.*, No. CV 14-05682 R (AJWx); *Acosta v. City of Los Angeles, et al.*, No. CV 14-05641 R (AJWx); *Acosta v. City of Los Angeles, et al.*, No. CV 14-05641 R (AJWx); *Adams v. City of Los Angeles, et al.*, No. CV 14-05685 DMG (FFMx); *Agard v. City of Los Angeles, et al.*, No. CV 14-05633 PSG (JCx); *Agbanawag v. City of Los Angeles, et al.*, No. 14-05649 R (AJWx); *Aguilar v. City of Los Angeles, et al.*, No. CV 14-05633 PSG (JCx); *Aguilar v. City of Los Angeles, et al.*, No. CV 14-05644 R (AJWx); *Aguirre v. City of Los Angeles, et al.*, No. CV 14-05659 CBM (SSx); *Alaniz v. City of Los Angeles, et al.*, No. CV 14-05658 PSG (MRWx); *Aldaz v. City of Los Angeles, et al.*, No. CV 14-05642 CAS (SSx); *Alexander v. City of Los Angeles, et al.*, No. CV 14-05645 RSWL (SSx); *Alonzo v. City of Los Angeles, et al.*, No. CV 14-05636 RGK (JPRx); *Alvarado v. City of Los Angeles, et al.*, No. CV 14-05632 PSG (VBKx); *Amador v. City of Los Angeles, et al.*, No. CV 14-05671 R (AJWx); *Angelo v. City of Los Angeles, et al.*, No. CV 14-05696 RGK (VBKx); *Aragon v. City of Los Angeles, et al.*, No. CV 14-05631 R (AJWx); *Arellano v. City of Los Angeles, et al.*, No. CV 14-05638 R (AJWx); and *Coward v. City of Los Angeles, et al.,* No. CV 14-05676 DMG (JCx).

respect to or arising out of the same transactions, occurrences[,] or series of transactions or occurrences and numerous question[s] of law or fact common to all plaintiffs that will arise in the action. Plaintiffs seek such relief that the court may grant to them according to their respective rights, and against one or more defendants according to their liabilities."[7]

### 2.   Facts Alleged Common to All Plaintiffs

Plaintiffs are members of the Los Angeles Police Protective League ("LAPPL") and are subject to the terms of a collective bargaining agreement ("CBA") between the City and the LAPPL.[8] During a substantial period of their employment with the City, the plaintiffs were assigned to the Special Operations, Jail, and Juvenile Divisions of the Los Angeles Police Department ("LAPD").[9]

Plaintiffs allege that, during their employment with the City, they were required to work overtime hours as defined in the FLSA.[10] They contend that, although they were expected to work overtime and did so with the knowledge and consent of their supervisors, they were not properly compensated for all overtime hours worked.[11] Specifically, plaintiffs assert that they were frequently required to work through their meal break, also known as "Code 7" or "free time" by the LAPD.[12] Although they were required to work through their Code 7's, the City purportedly deducted the time allotted for Code 7 purposes from plaintiffs' wages, which resulted in the incorrect calculation of overtime wages under the FLSA.[13] Plaintiffs assert that the City denied

---

[7]Complaint, ¶ 5.

[8]*Id.*, ¶ 12.

[9]*Id.*

[10]*Id.*, ¶ 13.

[11]*Id.*

[12]*Id.*, ¶ 14.

[13]*Id.*

them Code 7 time and deducted wages for the time from their compensation pursuant to written and unwritten policies intended to violate the FLSA.[14]

In addition to working through Code 7's, plaintiffs were purportedly required to work before and/or after their scheduled watch to prepare and complete arrest reports; prepare and complete preliminary investigation reports, i.e., robbery, domestic violence, or burglary reports; make copies of reports; and/or forward reports to appropriate divisions within the LAPD.[15] Plaintiffs allege they were not compensated for time spent working before or after their watch as a result of the City's and LAPD policies.[16]

Plaintiffs further allege that they performed other types of overtime work that the City and the LAPD treated as non-compensable.[17] For example, LAPD sergeants were required to prepare for roll call, which included distributing items in the department's subpoena and kickback folders; communicating with personnel from the previous watch; and determining which officers would be working and which officers would be out sick for the watch.[18] Plaintiffs contend it was necessary for sergeants to perform these tasks immediately before the start of their watch because the information in the folders was constantly updated with information and issues that arose during the previous watch.[19] Plaintiffs also contend that sergeants were regularly required to work after their shifts to perform additional supervisory duties.[20] Plaintiffs' managers and supervisors purportedly knew plaintiffs started work early to prepare for roll call because they often pressured

---

[14]*Id.*, ¶¶ 14, 20.

[15]*Id.*, ¶ 15.

[16]*Id.*, ¶¶ 15, 20.

[17]*Id.*, ¶ 16.

[18]*Id.*

[19]*Id.*

[20]*Id.*

plaintiffs to do so and prepared alongside plaintiffs.[21]  Despite knowing that plaintiffs performed compensable work before and after their shifts, the City allegedly failed to compensate plaintiffs for all of their hours worked.[22]

Plaintiffs contend that the City knew or should have known they were working overtime without compensation because the policy of requiring officers to work through Code 7's and before and after watch were widespread throughout the LAPD.  They also assert that the LAPD also failed to maintain records of the overtime hours they worked under the FLSA.[23]

The LAPD is purportedly subject to the continuous day rule under the FLSA; plaintiffs allege the department violates the rule by requiring officers to list the hours they are scheduled to work, rather than the hours they actually work.[24]  The LAPD allegedly relies on individual officers to submit documentation of hours worked for purposes of calculating overtime despite the fact that it has not trained officers to identify compensable overtime under the FLSA or the CBA.[25]  As one example, plaintiffs allege that the LAPD has failed to identify for officers what activities they can submit for overtime compensation, despite knowing that officers perform compensable overtime work before and after their assigned watch.[26]

In addition to the City's allegedly unlawful policy of failing to calculate and pay lawful overtime wages, plaintiffs assert that some of them who, in addition to regular assignments and obligations, worked speciality details – i.e., SWAT, canine, and motorcycle traffic officers – were

---

[21]*Id.*, ¶ 18.

[22]*Id.*, ¶ 16.

[23]*Id.*, ¶¶ 17-18.

[24]*Id.*, ¶ 19.

[25]*Id.*

[26]*Id.*

not compensated for donning and doffing of uniforms and equipment at the worksite, despite the fact that they were entitled to compensation for such activities.[27]

Based on the purported policies described above, plaintiffs plead claims for violation of the FLSA[28] and willful violation of the FLSA.[29]

### B.    The Parties' Requests for Judicial Notice

#### 1.    The City's Request for Judicial Notice

The City requests that the court take judicial notice of twenty orders or filings in related civil actions in this district – specifically, the *Alaniz* and *Mata* actions and the twenty-eight companion cases filed following Judge Feess' decertification of the collective actions in *Alaniz* and *Mata*.[30]  Plaintiffs do not oppose the City's request.

The court may consider documents that are proper subjects of judicial notice in ruling on a party's motion to dismiss for misjoinder and on a motion to strike.  See, e.g., *Aldaz v. City of Los Angeles*, No. 2:14-CV-05642-CAS (SSx), 2014 WL 6473411 *1 n. 2 (C.D. Cal. Nov. 18, 2014) (taking judicial notice of court records in related cases in ruling on defendant's motion to dismiss plaintiffs for misjoinder and strike allegations from the complaint); *Jacobson v. Persolve, LLC*, No. 14-CV-00735-LHK, 2014 WL 4090809, *2-3 (N.D. Cal. Aug. 19, 2014) (taking judicial notice of orders and filings in related cases in ruling on defendants' motions to dismiss and strike); *Shaterian v. Wells Fargo Bank, N.A.*, 829 F.Supp.2d 873, 877 n. 2 (N.D. Cal. 2011) (taking judicial notice of documents in deciding defendants' motions to dismiss and strike); *In re New Century*, 588 F.Supp.2d 1206, 1219-20 (C.D. Cal. 2008) (taking judicial notice of SEC documents and filings in ruling on defendants' motions to dismiss and strike, and noting that "[f]or

---

[27]*Id.*, ¶ 21.

[28]*Id.*, ¶¶ 26-29.

[29]*Id.*, ¶¶ 22-25.

[30]Request for Judicial Notice in Support of Motion to Strike, or in the Alternative, to Dismiss All Individually Named Plaintiffs Except Camille Armstead ("Def's RJN"), Docket No. 11 (Sept. 9, 2014).

a motion to strike to be granted, the grounds for the motion must appear either on the face of the complaint or from matters of which the Court may take judicial notice," citing *SEC v. Sands*, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995)).

The City requests that the court take judicial notice of (1) an order decertifying the collective action in *Alaniz v. City of Los Angeles, et al.*, No. CV 07-6782 GAF (AJWx), filed May 21, 2014;[31] (2) an order decertifying collective action in *Mata v. City of Los Angeles, et al.*, No. CV 04-8592 GAF (AJWx), filed May 21, 2014;[32] (3) an order granting defendant's motion for partial summary judgment in *Nolan v. City of Los Angeles, et al.*, No. CV 03-2190 GAF (AJWx), filed July 1, 2010;[33] (4) an order granting defendant's motion for partial summary judgment in *Alaniz*, filed July 1, 2010;[34] (5) an order granting defendant's motion for partial summary judgment in *Mata*, filed July 1, 2010;[35] (6) an order granting the defendant's motion for summary judgment in *Nunez v. City of Los Angeles*, No. CV 06-6390 VBF (MANx), filed November 9, 2010;[36] (7) an order to show cause in *Acevedo et al. v. City of Los Angeles, et al.*, No. CV 14-5661 GHK (PJWx), filed August 19, 2014;[37] (8) an order to show cause regarding dismissal for improper joinder in *Agard, et al. v. City of Los Angeles*, No. CV 14-5668 PSG (JCx), filed August 13, 2014;[38] (9) an order to show cause regarding dismissal for improper joinder in *Aguilar, et al. v. City of Los Angeles*, No. CV 14-5633 PSG (JCx), filed August 13, 2014;[39] (10)

---

[31]Def's RJN, Exh. 1.

[32]*Id.*, Exh. 2.

[33]*Id.*, Exh. 3.

[34]*Id.*, Exh. 4.

[35]*Id.*, Exh. 5.

[36]*Id.*, Exh. 6.

[37]*Id.*, Exh. 7.

[38]*Id.*, Exh. 8.

[39]*Id.*, Exh. 9.

an order to show cause regarding dismissal for improper joinder in *Alaniz, et al. v. City of Los Angeles*, No. CV 14-5658 PSG (JCx), filed August 13, 2014;[40] (11) an order to show cause regarding dismissal for improper joinder in *Alvarado, et al. v. City of Los Angeles*, No. CV 14-5632 PSG (VBKx), filed August 13, 2014;[41] (12) a stipulated judgment and order in *Nolan*, filed September 17, 2013;[42] (13) an order regarding motions to dismiss and strike in *Berndt, et al. v. City of Los Angeles, et al.*, No. CV 11-8579 GAF (AJWx), filed May 13, 2012;[43] (14) an order regarding a motion for summary judgment in *Berndt*, filed April 12, 2013;[44] (15) an order granting defendant's motion to strike and dismiss in *Weaver, et al. v. County of Orange*, No. 10-0101 CJC (ANx), filed April 29, 2010;[45] (16) plaintiffs' memorandum of points and authorities in opposition to defendant's motion to decertify the collective action in *Alaniz*, filed March 3, 2014;[46] (17) plaintiffs' memorandum of points and authorities in opposition to defendant's motion to decertify the collective action in *Mata*, filed March 3, 2014;[47] (18) the declaration of James Lumpkin filed in support of plaintiffs' opposition to the motion for decertification in *Alaniz*, filed February 22, 2014;[48] (19) plaintiffs' first amended complaint in *Alaniz*, filed November 23,

---

[40]*Id.*, Exh. 10.

[41]*Id.*, Exh. 11.

[42]*Id.*, Exh. 12.

[43]*Id.*, Exh. 13.

[44]*Id.*, Exh. 14.

[45]*Id.*, Exh. 15.

[46]*Id.*, Exh. 16.

[47]*Id.*, Exh. 17.

[48]*Id.*, Exh. 18.

2004;[49] and (20) an order to show cause regarding dismissal for improper joinder in *Abner, et al. v. City of Los Angeles*, No. CV 14-5655 PA (MRWx), filed September 4, 2014.[50]

"Under Federal Rule of Evidence 201, the [c]ourt may take judicial notice of matters of public record if the facts are not 'subject to a reasonable dispute.'" *Olds v. Metlife Home Loans*, No. SACV 12-55 JVS (RNBx), 2012 WL 10420298, *1 n. 1 (C.D. Cal. Mar. 19, 2012) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)).   Court orders and filings are proper subjects of judicial notice.   See, e.g., *United States v. Black*, 451 F.3d 550, 551 (9th Cir. 2007) (noting that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings); *Asdar Group v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290 n. 1 (9th Cir. 1996) (court may take judicial notice of pleadings and court orders in related proceedings); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (a court may take judicial notice "of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *United States ex rel. Modglin v. DJO Global Inc.*, __ F.Supp.2d __, 2014 WL 4783575, *11 (C.D. Cal. Sept. 2, 2014) ("As respects court orders and filings in other FCA cases, these documents, too, are the proper subject of judicial notice" (citations omitted)); *Farahani v. Floria*, No. 12-CV-04637 LHK, 2013 WL 1703384, *1 n. 1 (N.D. Cal. Apr. 19, 2013) ("The remaining documents submitted for judicial notice are all documents filed in previous and concurrent lawsuits, which are similarly suitable for judicial notice under Fed.R.Evid. 201(b)").

---

[49]*Id.*, Exh. 19.

[50]*Id.*, Exh. 20.

1    Because each of the documents the City seeks to have the court notice is a court filing, the

2    court grants the City's request for judicial notice.[51]

3              **2.    Plaintiffs' Request for Judicial Notice**

4          Plaintiffs request that the court take judicial notice of two documents in deciding the City's

5    motion to strike:[52] (1) the opinion of the United States Court of Appeals for the Ninth Circuit in

6    *Jack Jimenez v. Allstate Insurance Company*, 765 F.3d 1161 (9th Cir. 2014);[53] and (2) Judge

7    Feess' order regarding plaintiffs' motion to clarify in the *Alaniz* action, dated July 24, 2014.[54]

8    The court need not take judicial notice of a published circuit court opinion, as it relies on such

9    authority routinely in deciding pending motions.  See *Jones v. Curry*, No. C 07-1013 RMW (PR),

10   2008 WL 3550866, *2 (N.D. Cal. Aug. 13, 2008) ("The court need not take judicial notice of

11   case law.  Parties need not request the court to judicially notice published decisions from other

12   courts. . . .  If a party wants the court to consider a published decision, it is sufficient to cite the

13   decision in his brief").  The court does, however, take judicial notice of Judge Feess' order

14   regarding the motion to clarify in *Alaniz*.  See *Reyn's Pasta Bella, LLC*, 442 F.3d at 746 n. 6.

15

16

17

18

19

---

20   [51]In its reply, the City asks that the court take judicial notice of twenty-eight additional

21   documents filed in related cases.  (See Request for Judicial Notice In Support of Reply in Support

22   of Motion to Strike, or in the Alternative, to Dismiss All Individually Named Plaintiffs Except
     Camille Armstead ("Reply RJN"), Docket No. 18 (Nov. 24, 2014), Exhs. 1-28.)  Plaintiffs have

23   not opposed the City's request.  For the reasons already stated, court takes judicial notice of the
     documents.

24
     [52]Request for Judicial Notice in Opposition to Motion to Strike, or in the Alternative, to
25   Dismiss All Individually Named Plaintiffs Except Camille Armstead ("Pls.'s RJN"), Docket No.

26   15 (Oct. 23, 2014).

27   [53]Pls.'s RJN, Exh. A.

28   [54]Pls.'s RJN, Exh. B.

## II.  DISCUSSION

**A.      Motion to Dismiss Improperly Joined Plaintiffs**

### 1.      Legal Standard Governing Joinder Under Rule 20

Rule 20(a) governs permissive joinder, and identifies two prerequisites for the joinder of defendants: (1) a right to relief must be asserted against the defendants jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all defendants will arise.  FED.R.CIV.PROC. 20(a)(2); *see also League to Save Tahoe v. Tahoe Reg. Plan Agency*, 558 F.2d 914, 917 (9th Cir. 1977); 7 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL, § 1653 (1972).  Joinder is to be construed liberally "in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Tahoe*, 558 F.2d at 917.  Indeed, under the federal rules, "the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Gibbs*, 383 U.S. at 724.

Nonetheless, district courts retain broad discretion in applying Rule 20.  See *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296-97 (9th Cir. 2000) (whether severance is appropriate under Rule 20 lies within the sound discretion of the trial court); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980) (even if the requirements of Rule 20 are satisfied, courts must examine other relevant factors to determine whether permissive joinder will comport with principles of fundamental fairness); *Real Money Sports, Inc. v. Real Sports, Inc.*, No. 2:12–CV–1714 JCM (CWH), 2013 WL 3043442, *2 (D. Nev. June 14, 2013) ("'Rule 20(a) is permissive in character, [and] joinder in situations falling within the rule's standard is not required.'  The court has discretion in regards to joinder of parties," quoting and citing 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE, § 1652 (3d ed. 2001));*Wynn v. Nat'l Broadcasting Co.*, 234 F.Supp.2d 1067, 1078 (C.D. Cal. 2002) (even where the requirements of Rule 20 are satisfied, "there is no requirement that the parties must be joined").

If joinder is improper, Rule 21 provides that the court may, on its own or a party's motion, "at any time, on just terms, add or drop a party." FED.R.CIV.PROC. 21.  See *Pan Am. World Airways, Inc. v. U.S. Dist. Court for Central District of California*, 523 F.2d 1073, 1079 (9th Cir. 1975) ("By itself, Rule 21 cannot furnish standards for the propriety of joinder, for it contains none. Hence it must incorporate standards to be found elsewhere"); *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126 n. 23 (2d Cir. 1970) ("Rule 21 merely provides that misjoinder is not grounds for dismissal, but that parties may be added 'on such terms as are just.' Necessarily, it relates back to Rules 19 and 20").

Where parties have been inappropriately joined, it is accepted practice under Rule 21 to dismiss all defendants except for the first named in the complaint; this operates as a dismissal of plaintiffs' claims against other defendants without prejudice.  See *Bravado International Group Merchandising Services v. Cha*, No. CV 09-9066 PSG (CWx), 2010 WL 2650432, *5 (C.D. Cal. June 30, 2010) ("Federal Rule of Civil Procedure 21 governs the misjoinder of parties and permits the court '[o]n motion or on its own . . . at any time, on just terms, [to] add or drop a party[, or] also sever any claim against a party.' Fed.R.Civ.P. 21.  The Court has considerable discretion in choosing among these options.  See *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980); see also 4 Moore's Federal Practice, § 21.02[4] (3d ed. 2009).  An accepted practice under Rule 21 is to dismiss all defendants except for the first named in the complaint, see *Coughlin [v. Rogers]*, 130 F.3d [1348,] 1350 [(9th Cir. 1997)]; see also *Coal for a Sustainable Delta [v. United States Fish and Wildlife Serv.]*, [No. 1:09-CV-480 OWW GSA], [ ]2009 WL 3857417, [ ] *8 [(E.D. Cal. Nov. 17, 2009)], and dropping a defendant for improper joinder operates as a dismissal without prejudice, see *Harris v. Lappin*, [No. EDCV 06-00664 VBF (AJW)], 2009 WL 789756, [ ]*7 (C.D. Cal. [Mar. 19,] 2009) (citing *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006))").  Because courts use the permissive joinder standards contained in Rule 20 to determine whether parties have been improperly joined under Rule 21, see *O'Sullivan v. City of Chicago* , No. 01 C 9856, 2007 WL 671040, *9 (N.D. Ill. Mar. 1, 2007) ("Because Rule 21 does not include a standard for proper joinder, courts use the permissive joinder standards contained in Rule 20(a)"), the court considers the City's motion under Rule 20.

2.      **Whether Plaintiffs Are Properly Joined**

a.      **Whether Plaintiffs Were Subject to a Common Series of Occurrences and Share Common Facts**

Plaintiffs argue that joinder is proper because "all [named] plaintiffs in the instant lawsuit clearly derive their rights out of the same series of transactions or occurrences (i.e. the LAPD's compensation structure)" and "all of the plaintiffs share at least three common questions" as to (1) whether the LAPD's official written Code 7 policies violate the FLSA; (2) whether an unofficial or unwritten policy discouraging the submission and reporting of missed and interrupted Code 7's exists; and (3) whether an unofficial or unwritten policy discouraging the submission and reporting of off-the-clock work exists.[55]

The plaintiffs in *Alaniz* and *Mata* made similar arguments in support of certifying a collective action concerning the LAPD's Code 7 policy.[56]  Judge Feess was unpersuaded by the *Alaniz* and *Mata* plaintiffs' arguments, particularly given the LAPD's "unambiguous written overtime policy that prohibits officers from working off-the-clock."[57]  Based on the evidence adduced by plaintiffs, Judge Feess concluded that they could not "establish a single policy, custom, or practice that resulted in FLSA violations," and noted that "the individual conduct of each supervisor must be assessed to determine whether an FLSA violation has occurred."[58]  This proved to be unmanageable on a classwide basis given the fact that many plaintiffs had multiple supervisors during the relevant period,[59] and that plaintiffs were unable to adduce sufficient

---

[55]Opposition at 9.

[56]See Def's RJN, Exhs. 16 & 17 at 4 (arguing that the Code 7 policy is the "easily identifiable glue amongst all plaintiffs" and that these "uniform claims . . . should be heard collectively").

[57]See Def's RJN, Exhs. 1 & 2 ("Decertification Orders") at 1, 5

[58]Decertification Orders at 1, 5-6.

[59]*Id.* at 6 (observing that "one group of 12 plaintiffs identified over 100 different supervisors to whom they reported during the relevant period").

evidence that there was officers were uniformly discouraged from adhering to the LAPD's official policy.[60]

The City argues in its motion that the individual plaintiffs joined in this action face the same individualized inquiries that Judge Feess found affected the larger opt-in classes in *Alaniz* and *Mata*. As a consequence, it contends, joinder is inappropriate because plaintiffs' claims do not arise from a common series of transactions or occurrences and do not share common issues.[61] Plaintiffs counter that Judge Feess' decertification orders were erroneous; they also argue that the individualized inquiries noted by Judge Feess have been eliminated by limiting the plaintiffs joined in this action to individuals who were employed in LAPD's Office of Special Operations, Jail and Juvenile divisions.[62]

As an initial matter, plaintiffs argue that, under current Ninth Circuit law, Judge Feess' decision to decertify the *Alaniz* and *Mata* collective actions was wrong, and the court should thus ignore his exhaustive analysis of the nature of plaintiffs' claims and the individualized inquiries they necessarily raise.[63] Plaintiffs cite the Ninth Circuit's recent decision in *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161 (9th Cir. 2014), as evidence that Judge Feess erred in decertifying the collective actions and that all of their claims can be joined and adjudicated together.[64]

In *Jimenez*, the Ninth Circuit concluded that the district court did not abuse its discretion in certifying a Rule 23 class of automobile insurance claims adjusters who claimed that Allstate had an unofficial policy of requiring them to work unpaid off-the-clock overtime in violation of the California Labor Code. *Jimenez*, 765 F.3d at 1163, 1169. *Jimenez* demonstrates, plaintiffs

---

[60]*Id.* at 8 (concluding that the 282 declarations plaintiffs proffered "show[ed] at most that a small number of officers worked for supervisors who ignored or countermanded the department's written policy in managing their subordinates").

[61]Motion at 11-13.

[62]Opposition at 2-16.

[63]Opposition at 2-8.

[64]*Id.* at 4-6.

argue, that rather than focusing on "whether the plaintiffs could actually prove the existence of an unwritten/unofficial policy that contradicted the written policies and directives of the LAPD," Judge Feess should have "focused on whether the plaintiffs and opt-in members, as a whole, shared [a] common question [concerning] the existence of such a policy . . . whether [or not] it was ultimately prove[d]. . . ."[65]  They contend that, under *Jimenez*, the court should deny the City's motion to dismiss the joined plaintiffs because their claims raise a common question as to whether the LAPD has an unofficial practice or policy of discouraging the reporting of missed Code 7's and off-the-clock work.[66]

The court is not persuaded by plaintiffs' reliance on *Jimenez*.  As an initial matter, the *Jimenez* court considered an issue different than that raised here or in *Alaniz* and *Mata*; the issue there was whether certification of a Rule 23 class was appropriate in a case involving California Labor Code claims.  The issue here is whether joinder is appropriate under Rule 20, while the issue in *Alaniz* and *Mata* was whether a collective action under the FLSA was appropriate.

More fundamentally, *Jimenez* is factually distinct.  Indeed, plaintiffs' arguments concerning the effect of *Jimenez* on Judge Feess' analysis have been considered and rejected in another case commenced after decertification of the *Alaniz* and *Mata* collective actions.  In *Aldaz v. City of Los Angeles*, No. 2:14-CV-05642-CAS (SSx), 2014 WL 6473411 (C.D. Cal. Nov. 18, 2014), Judge Christina A. Snyder reasoned:

> "[T]o the extent that *Jimenez* is relevant, the Court disagrees with plaintiffs' reading of that case and the case law on which the Ninth Circuit relied.  In *Jimenez*, the Court of Appeals held that the district court had permissibly found that specific evidence supported the existence of classwide proof that would 'drive the answer to the plaintiffs' claims.'  765 F.3d at 1165-66.  Indeed, as the Supreme Court has made clear, 'What matters to class certification . . . is not the raising of common 'questions' – even in droves – but rather the capacity of a classwide proceeding to

---

[65]*Id.* at 4-5.

[66]*Id.* at 5-6.

16

generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2451, 2551 (2011) (emphasis in original) (internal quotation marks omitted). In harmony with *Jimenez* and *Dukes*, the Decertification Order framed the 'issue . . . [as] whether trying the suit as a collective action will generate common answers to the questions presented – most notably whether there is a department-wide unwritten policy mandating that all officers work off-the-clock unless and until they reach one hour of overtime.' The court then found that, based on the specific claims and evidence presented, a collective action was not appropriate because individualized inquiries would drive resolution of the key issues. The Court finds no support in *Jimenez* for the proposition that the question of the existence of an unofficial LAPD policy discouraging overtime reporting supports joinder under Rule 20 and finds the *Alaniz* and *Mata* court's reasoning instructive on the propriety of trying plaintiffs' claims together." *Aldaz*, 2014 WL 6473411 at *3.

The court finds Judge Snyder's analysis of *Jimenez* and her analysis of plaintiffs' arguments instructive, and follows her reasoning here. Unlike *Jimenez*, trying plaintiffs' claims together will not "produce a common answer to the crucial question[s] raised by the plaintiffs' complaint." *Jimenez*, 765 F.3d at 1166. Rather, as Judge Feess noted, there will likely be distinct answers to the same question because plaintiffs "worked in disparate locations for a variety of supervisors in different divisions and bureaus with assignments of varying nature."[67]  Indeed, while the *Jimenez* court concluded that plaintiffs had proffered sufficient evidence of uniform treatment to infer that Allstate had an "unofficial policy of discouraging reporting of . . . overtime," *Jimenez*, 765 F.3d at 1165-66, Judge Feess explicitly found that plaintiffs had failed to adduce evidence that LAPD had a uniform policy or practice of discouraging plaintiffs from claiming overtime.[68]

---

[67]Def's RJN, Exhs. 1 & 2 ("Decertification Orders) at 5-6.

[68]*Id.* at 8.

Moreover, as Judge Snyder noted in *Aldaz*, plaintiffs cite no authority for the proposition that *Jimenez* demonstrates joinder is proper under Rule 20, and the court finds no support for such a proposition based on its own reading of the case. See *Aldaz*, 2014 WL 6473411 at *3. For these reasons, the court finds plaintiffs' arguments regarding *Jimenez* unavailing. Rather, the court finds Judge Feess' analysis of plaintiffs' claims in *Alaniz* and *Mata* instructive, and is guided by it as it considers plaintiffs' other arguments respecting joinder.

Plaintiffs next argue that Judge Feess erroneously decertified the collective actions based upon "the potential need for individualized damages inquiries."[69] In this regard, plaintiffs appear to misapprehend Judge Feess' order. Judge Feess noted that the City might raise defenses "that particular supervisors acted in good faith, that the off-the-clock activities did not constitute compensable 'work,' or that any alleged off-the-clock work falls within the *de minimis* exception to the FLSA."[70] Judge Feess noted that these inquiries were "inherently individualized" and made certification of the classes improper.[71] In reaching this conclusion, he observed that questions concerning the City's defenses affected *liability*, not damages:

> "These defenses too are inherently individualized. And although Plaintiffs suggest that these issues can be resolved by bifurcating the trial into liability and damages phases, *they ignore the fact that these defenses directly impact whether or not the City can be held liable for certain alleged violations*. For example, a finding that a certain amount of overtime worked is *de minimis* eliminates the City's liability under the FLSA for such work. Accordingly, bifurcating the trial would not eliminate the need for individualized inquiries to evaluate these potential defenses."[72]

---

[69]Opposition at 6-8.

[70]Decertification Orders at 12.

[71]*Id.*

[72]*Id.* (emphasis added).

The court is therefore unpersuaded by plaintiffs' argument that joinder is appropriate because any individualized inquiries go not to liability but to damages.

Having concluded that plaintiffs' critiques of Judge Feess' analysis in *Alaniz* and *Mata* are incorrect, the court finds that individualized factual issues impacting liability make joinder of plaintiffs in this action impracticable. Specifically, the court is not convinced that resolution of plaintiffs' claims will be turn on a common inquiry as to whether the LAPD had a uniform unofficial policy concerning the reporting of overtime hours.

Additionally, to prevail on their FLSA claims, plaintiffs will have to demonstrate that LAPD supervisors had "constructive or actual knowledge that [they] were working off-the-clock," *Reed v. County of Orange*, 266 F.R.D. 446, 462 (C.D. Cal. 2010) (citing *Pforr v. Food Lion, Inc.*, 851 F.2d 106, 109 (4th Cir. 1988); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981)), which will require inquiries concerning individual plaintiffs and their supervisors. Plaintiffs' evidence shows that "employees must work different shifts to provide full coverage within each station," that "[s]upervisors and officers often work different or overlapping shifts," that "each station has several different chains of command within it," and that "[s]worn employees holding the rank of Lieutenant or below can and frequently do transfer from shift to shift, from assignment to assignment, and/or from station to station (or to another division or bureau."[73] These facts demonstrate that plaintiffs changed assignments or shifts frequently and that each had a variety of supervisors. It is therefore unlikely that common proof can be adduced concerning the City's knowledge of plaintiffs' off-the-clock work.

Plaintiffs maintain that they have eliminated the possibility of individualized issues concerning their supervisors' knowledge by joining only officers who worked in the Jail and Juvenile Divisions of the Office of Special Operations. The court is not persuaded. One of the plaintiffs, James Lumpkin, for example, worked at three divisions in addition to the Jail Division during the relevant time period: the 77th Division, Southeast Division, and West Los Angeles

---

[73]Opposition, Exh. B ("Declaration of Deputy Chief Mark Perez in Support of Defendant's Motion for Decertification"), ¶ 12.

Division.[74]   Similarly, Kenneth Santolla, also a named plaintiff, was assigned to the Central, Southwest, Rampart, and Jail Divisions during the statutory period.[75]   Finally, plaintiff Robert Martinez, who is joined in this action, is also a named plaintiff in *Abucejo, et al. v. City of Los Angeles*, No. CV 14-05666 GW (MRWx), which suggests that Martinez may also have worked at the Southeast Division during the relevant period.   Moreover, given the variety of assignments available in the Jail and Juvenile Divisions and the undisputed evidence proffered by plaintiffs that they regularly transferred between shifts and assignments and often had shifts that "overlapped" with their supervisors, the court concludes that individualized evidence will be required to prove knowledge on the part of plaintiffs' supervisors.[76]   See *Aldaz*, 2014 WL 6473411 at *4 ("'[T]o rebut [plaintiffs'] allegations of knowledge, [the City] will have to introduce evidence that is inherently individualized,'" citing *Reed*, 266 F.R.D. at 460).

Finally, and critically, plaintiffs have failed to demonstrate how, despite the variety of assignments, shifts, and supervisors each had, their rights under the FSLA were violated in similar or identical ways.   Although plaintiffs allege that sergeants were routinely not compensated for

---

[74]See Def's RJN Exh. 18, ¶ 3.

[75]See Reply RJN, Exh. 28, ¶¶ 4-6.

[76]As Judge Feess noted in the decertification orders, the City is also entitled to assert other defenses to plaintiffs' claims.   (See Decertification Orders at 11 ("The second factor in the analysis of whether this action should proceed as a collective action is the available defenses that must be litigated on an individual basis.   The City has several such defenses here, including: whether supervisors were aware of the alleged off-the-clock work; whether the particular activities were compensable; whether the time spent on these activities was *de minimis*; and whether particular supervisors acted in good faith").)   Such defenses necessarily require individualized inquiries that made certification of the *Alaniz* and *Mata* collective actions inappropriate and that weigh against permitting the joinder of plaintiffs here.   (See *id.* at 11 ("As the court in *T-Mobile* noted, these sorts of 'defenses . . . must, by their nature, be individualized'"); *id.* at 12 ("Additionally, the City is entitled to raise the defense that particular supervisors acted in good faith, that off-the-clock activities did not constitute compensable 'work,' or that any alleged off-the-clock work falls within the *de minimis* exception to the FLSA.   These defenses too are inherently individualized").)

roll call preparation[77] and that some plaintiffs worked speciality details, it is not clear from the complaint that all named plaintiffs were sergeants or worked specialty details during the relevant period.  Joinder is inappropriate where, as here, plaintiffs performed distinct uncompensated tasks and duties, giving rise to distinct FLSA violations.  See *Abrams v. City of Los Angeles*, No.2:14-CV-05646 ODW (SHx), 2014 WL 6473418, *3 (C.D. Cal. Nov. 17, 2014) ("Furthermore, the Complaint highlights that Plaintiffs were not similarly situated with respect to the different tasks for which they were allegedly uncompensated.  For example, Plaintiffs allege that Sergeants were not compensated for 'roll call preparation,' but it is unclear whether all Plaintiffs held the rank of Sergeants at the West Valley Division during the statutory period.  Plaintiffs also assert that 'Plaintiffs who, in addition to their normal assignments and obligation, worked specialty details such as SWAT, canine, motorcycle traffic officers and other duties which require donning and doffing at the worksite, are entitled to be compensated under the law for their time in connection with such activities.'  Joinder is inappropriate because Plaintiffs had varying uncompensated tasks for which they claim FLSA violations and therefore have not shown a common transaction or occurrence," citing *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (holding that a common allegation of delay did not create a common transaction or occurrence because the delays varied from case to case)).  Moreover, although the complaint alleges that the plaintiffs regularly had their Code 7's interrupted, it is unclear how often such interruptions occurred for each of the named plaintiffs.  Indeed, based on the declarations of two of the plaintiffs, Lumpkin and Santolla, it is clear that each individual's experience with interrupted Code 7's varied.[78]

    In short, the court concludes that the individualized issues identified by Judge Feess in his orders decertifying the *Alaniz* and *Mata* collective actions preclude joinder here despite the fact that the joined plaintiffs are all officers who were employed in the Jail and Juvenile Divisions during the relevant period.  The individualized inquiries that will be required for each plaintiff to show that the City is liable, as well as the individualized evidence on which the City's defenses

---

[77]See Complaint, ¶ 16.

[78]See Def's RJN Exh. 18, ¶ 10; Reply RJN, Exh. 28, ¶ 21.

depend lead the court to conclude that, under the circumstances, joinder of all plaintiffs in this case would be impracticable.  Accordingly, the court grants the City's motion to dismiss all plaintiffs except Armstead for misjoinder.[79]

---

[79]In concluding that the plaintiffs are misjoined, the court reaches the same conclusion as every court that has considered the question with respect to the twenty-seven companion cases that were filed in the wake of decertification of the *Alaniz* and *Mata* collective actions.  See *Aldaz*, 2014 WL 6473411 at *5 ("In short, plaintiffs have not established that they assert 'any right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences.'  Fed.R.Civ.P. 20(a)(1)(A).  The Court therefore GRANTS the motion to dismiss all plaintiffs except Aldaz"); *Abrams*, 2014 WL 6473418 at *4 (dismissing all but the first named plaintiff for misjoinder after concluding that individualized inquiries would be required as to each named plaintiff's claims); *Acevedo v. City of Los Angeles*, No. CV 14-05661 GHK (PJWx), Docket No. 23 at 4-7 (C.D. Cal. Nov. 13, 2014) (finding that joinder was improper under Rule 20 and failed to comport with principles of fundamental fairness); *Aragon v. City of Los Angeles*, No. CV 14-05631 R (AJWx), Docket No. 24 at 3 (C.D. Cal. Nov. 6, 2014) ("Plaintiffs' attempt to join themselves into mini collective actions by division does not solve the problem because each Plaintiff has worked in multiple divisions, with vary assignments and supervisors during the relevant statutory period"); *Abordo v. City of Los Angeles*, No. CV 14-05640 R (AJWx), Docket No. 31 at 3 (C.D. Cal. Nov. 6, 2014) (same); *Acosta v. City of Los Angeles*, No. CV 14-05682 R (AJWx), Docket No. 27 at 3 (C.D. Cal. Nov. 6, 2014) (same); *Acosta v. City of Los Angeles*, No. CV 14-05690 R (AJWx), Docket No. 30 at 3 (C.D. Cal. Nov. 6, 2014) (same); *Acosta v. City of Los Angeles*, No. CV 14-05641 R (AJWx), Docket No. 28 at 3 (C.D. Cal. Nov. 6, 2014) (same); *Agbanawag v. City of Los Angeles*, No. CV 14-05649 R (AJWx), Docket No. 27 at 3 (C.D. Cal. Nov. 6, 2014) (same); *Aguilar v. City of Los Angeles*, No. CV 14-05644 R (AJWx), Docket No. 27 at 3 (C.D. Cal. Nov. 6, 2014) (same); *Amador v. City of Los Angeles*, No. CV 14-05671 R (AJWx), Docket No. 29 at 3 (C.D. Cal. Nov. 6, 2014) (same); *Arellano v. City of Los Angeles*, No. CV 14-05398 R (AJWx), Docket No. 25 at 3 (C.D. Cal. Nov. 6, 2014) (same); *Agard v. City of Los Angeles*, No. CV 14-05668 PSG (JCx), Docket No. 23 at 5 (C.D. Cal. Oct. 27, 2014) (dismissing all but the first named plaintiff because the plaintiffs, although they alleged that they worked in one division, were "of varying ranks, were supervised by different individuals, and are claiming differing violations"); *Aguilar v. City of Los Angeles*, No. CV 14-05633 PSG (JCx), Docket No. 23 at 5 (C.D. Cal. Oct. 27, 2014) (same); *Alaniz v. City of Los Angeles*, No. CV 14-05658 PSG (MRWx), Docket No. 23 at 5 (C.D. Cal. Oct. 27, 2014) (same); *Alvarado v. City of Los Angeles*, No. CV 14-05632 PSG (MRWx), Docket No. 21 at 5 (C.D. Cal. Oct. 27, 2014) (same); *Abner v. City of Los Angeles*, No. CV 14-05655 PA (MRWx), Docket No. 20 at 2 (C.D. Cal. Oct. 22, 2014) ("Plaintiffs' attempt to subgroup into divisions does not mean that their claims arise out of the same transaction or occurrence.  Plaintiffs' claims remain individualized due to variances in assignments, duties, supervisors, and location"); *Alonzo v. City of Los Angeles*, No. CV 14-05636 RGK (JPRx), Docket No. 30 at 1 (C.D. Cal. Oct. 21, 2014) (severing and dismissing the claims of all but one plaintiff because "[r]esolution of the claims will require individualized and separate factual inquiries to determine

b.     **Whether Joinder of the Plaintiffs Comport With Principles of Fundamental Fairness**

Even if plaintiffs had satisfied the requirements of Rule 20, joinder would still be inappropriate unless it "comport[ed] with the principles of fundamental fairness." *Desert Empire Bank*, 623 F.2d at 1375.  The court has "discretion to refuse joinder in the interest of avoiding prejudice and delay." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521-22 (5th Cir. 2010) (concluding that joinder of plaintiffs' FLSA claims was improper because it would not "facilitate judicial economy and . . . different witnesses and documentary proof would be required for plaintiffs' claims").

Plaintiffs argue that dismissing the claims of all but Armstead for misjoinder will lead to inefficiency because it "could potentially lead to 18 individual lawsuits being filed in the Central District of California," each of which "would require its own scheduling order, parties' planning meeting, [and] initial disclosures."[80]  As noted, however, the named plaintiffs' claims arise from different transactions and/or occurrences, such that plaintiffs are not similarly situated with respect to their FLSA claims.  Permitting joinder in this action would thus lead to eighteen individual actions under a single caption.  Indeed, as noted in Judge Feess' decertification orders, he conducted an exemplar trial, permitting the joinder of four plaintiffs with off-the-clock claims against the City.[81]  The trial lasted eight days, and "involved 20 witnesses, 14 of whom were called by the City"; this was required because the four plaintiffs held different ranks, worked at different stations during the statutory period, and had multiple superior officers.[82]  Such a result prompted Judge Feess to note that even allowing joinder of a small number of plaintiffs who worked different assignments and shifts during the statutory period could result in an

the merits of the claims").

[80]Opposition at 15.

[81]See Decertification Orders at 5.

[82]*Id.* at 6.

"unmanageable, chaotic, and counterproductive" trial.[83]   The court shares the concerns expressed by Judge Feess and concludes that permitting the joinder of the eighteen named plaintiffs in this action would likely lead to inefficiency, prejudice, and delay.

Plaintiffs propose that "[t]he most efficient means moving forward would be to allow each of the joined plaintiffs to remain in this case[,] . . . consolidate them for purposes of discovery and scheduling orders," and then allow one trial to determine liability.[84]   After the liability trial, plaintiffs propose that the court "set a schedule for 'mini' damages trials that can be greatly expedited through the use of interrogatories and/or written depositions."[85]   As the court noted previously, plaintiffs fail to recognize that individualized inquiries will be required not simply to assess individual plaintiffs' damages but to determine *liability*,.   As Judge Feess noted in the decertification orders, the City will have to adduce individualized evidence concerning each plaintiff in support of its defenses to the individual claims; this of course is a *liability* question, not a damages issue.[86]

Finally, plaintiffs argue that joinder would comport with the principles of fundamental fairness because "dismissing the cases and requiring the filing of separate lawsuits can potentially lead to an inefficient and unnecessary use of public funds" because "[t]he fee-shifting provisions of the FLSA could potentially make the City of Los Angeles responsible for reimbursing expenses, including multiple filing fees, as well as attorneys' fees for all of the redundant work required if plaintiffs have to re-file separate actions."[87]   The mere *possibility* of fee-shifting under the FLSA – which will occur only if plaintiffs ultimately prevail on their claims – is not a sufficient reason

---

[83]*Id.* at 13.

[84]Opposition at 16.

[85]*Id.*

[86]Decertification Orders at 12.

[87]Opposition at 16.

1   to allow the action to proceed with eighteen plaintiffs who are not similarly situated; this is

2   particularly true where the City challenges the joinder of all plaintiffs in a single action.

3        For all of these reasons, the court concludes that permitting the joinder of all named

4   plaintiffs in this action would not "comport with the principles of fundamental fairness," *Desert*

5   *Empire Bank*, 623 F.2d at 1375, but rather would lead to judicial inefficiency, prejudice, and

6   delay.

7        **B.**    **Motion to Strike**

8        **1.**    **Legal Standard Governing Motions to Strike**

9        Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any

10  redundant, immaterial, impertinent, or scandalous matter." FED.R.CIV.PROC. 12(f). "The

11  essential function of a Rule 12(f) motion is to 'avoid the expenditure of time and money that must

12  arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Bureerong v.*

13  *Uvawas*, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d

14  1524, 1527 (9th Cir. 1993), overruled on other grounds, 510 U.S. 517 (1994)). Motions to strike

15  under Rule 12(f) are "generally regarded with disfavor because of the limited importance of

16  pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v.*

17  *Union Bank of California, N.A.*, 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2003).

18       **2.**    **Whether the Court Should Grant the City's Motion to Strike**

19       In addition to the moving to dismiss the joined plaintiffs, the City also seeks to strike the

20  joined plaintiffs and several allegations under Rule 12(f) of the Federal Rules of Civil Procedure.[88]

21  Specifically, the City seeks to strike: (1) all plaintiffs except Armstead;[89] (2) Paragraph 5 of

22

23

24

25

26  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

27  [88]Motion at 16.

28  [89]*Id.*

25

plaintiffs' complaint;[90] (3) Paragraphs 16 and 18 of the complaint;[91] and (4) Paragraph 21.[92] Plaintiffs do not respond to the City's arguments; rather, they rely on the arguments they make regarding joinder under Rule 20.[93]

### a.    Whether the Court Should Strike the Joined Plaintiffs

The City argues that the court should strike all of the joined plaintiffs, i.e., all plaintiffs except for Armstead, because they have "directly violated the Decertification Order in filing this case as a multi-plaintiff lawsuit and prejudiced the City by forcing it to seek decertification in 28 different cases."[94]   The City also argues that the joined plaintiffs should be stricken to "make the trial less complicated, eliminate serious risk of prejudice to the City, and eliminate confusion of the issues."[95]   Because the court has already concluded that the joined plaintiffs must be dismissed as improperly joined, it need not determine whether striking the plaintiffs would be warranted under Rule 12(f).   The court therefore denies the City's motion to strike joined plaintiffs.[96]

### b.    Whether the Court Should Strike Paragraph 5

The City next moves to strike Paragraph 5, which states, *inter alia*, that "[a]ll [p]laintiffs herein have the same or substantially similar claims," and that their allegations involve the "same

---

[90]*Id.* at 17.

[91]*Id.* at 17-18.

[92]*Id.* at 18-19.

[93]See generally Opposition.

[94]Motion at 16.

[95]*Id.* at 16-17.

[96]Although it does not reach the merits of the City's motion to strike the joined plaintiffs, the court observes that the City appears to have misapprehended the import of certain language in Judge Feess' *Alaniz* and *Mata* decertification orders.   The City argues that by filing this "multi-plaintiff" action, plaintiffs violated the decertification orders, which provided that "[the opt-in] [p]laintiffs will have an opportunity to pursue their individual claims."   (Motion at 16; see Decertification Orders at 13.)   While it is true that Judge Feess' order precluded plaintiffs from filing another FSLA collective action, it in no way states, as the City suggests, that plaintiffs could not join their *individual claims* in a single action if appropriate under Rule 20.

wrongful and/or illegal employment policy, practice, and/or scheme."[97]  The City argues that the court should strike Paragraph 5 because "the Decertification Order expressly found that [p]laintiffs did not have substantially similar claims," and "Judge Feess [ ] held that there was no department-wide policy that barred the plaintiffs from submitting overtime for under an hour."[98]

Because the court has determined that it must dismiss the joined plaintiffs and only Armstead's claims remain, the allegations in Paragraph 5 are immaterial to her individual causes of action.  Stated differently, the "similarly situated" allegations have "no possible bearing on the subject matter of this litigation," *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991) (citing *Naton v. Bank of California*, 72 F.R.D. 550, 551 n. 4 (N.D. Cal. 1976) (citing in turn 2A J. Moore, FEDERAL PRACTICE ¶ 12.21[2] at 2429 (2d ed. 1975))), because Armstead is the only plaintiff remaining in the action.  See *Aldaz*, 2014 WL 6473411 at *5 ("Paragraph 5 alleges that all plaintiffs 'have the same or substantially similar claims' and that joinder is proper because all allegations involve the 'same wrongful and/or illegal employment policy, practice and/or scheme.'  Because the Court is dismissing all plaintiffs except Aldaz, this allegation is immaterial to Aldaz's suit . . . .  Therefore, the Court GRANTS the City's motion to strike paragraph 5 from the complaint").  Accordingly, the court grants the City's motion to strike Paragraph 5 of the complaint.

### c.    Whether the Court Should Strike Paragraphs 16 and 18

Paragraphs 16 and 18 concern officers who served as sergeants and lieutenants at the LAPD.[99]  The City argues that "general allegations about [the] duties of sergeants and lieutenants are immaterial to all [p]laintiffs and should be stricken" because plaintiffs do not identify the rank(s) they achieved.[100]  The complaint does not clearly plead the rank(s) Armstead held during

---

[97]Motion at 17.  See also Complaint, ¶ 5.

[98]Motion at 17.

[99]*Id.*; see Complaint ¶¶ 16, 18.

[100]Motion at 17.

the relevant period.  The court is thus unable to determine at this time whether general allegations concerning the supervisory duties of sergeants and lieutenants are relevant to Armstead's claims. Because motions to strike are generally disfavored, see *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F.Supp.2d 556, 561 (C.D. Cal. 2005) ("Motions to strike are generally disfavored because of the limited importance of pleadings in federal practice and because it is usually used as a delaying tactic," citing William Schwarzer, et al., FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 9:375 (in turn citing *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000); *Bureerong*, 922 F.Supp. at 1478)), the court denies the City's motion to the extent it seeks to strike Paragraphs 16 and 18.[101]

### d.  Whether the Court Should Strike Paragraph 21

The City finally seeks to strike Paragraph 21.[102]  Paragraph 21 asserts "donning and doffing" claims by plaintiffs who worked speciality details "in addition to their normal assignments."[103]  As with the allegations in Paragraphs 16 and 18, it is unclear whether Armstead

---

[101]The City alternately moves for a more definite statement under Rule 12(e), and an order requiring each plaintiff "to identify [his or her] different assignments, the time period of those assignments, and the rank(s) held during those assignments." (Motion at 18.)  Because the court has dismissed all plaintiffs but Armstead, and because the City knows Armstead's rank(s) and/or assignment(s), the court denies the City's request for a more definite statement. See *Acevedo, al.*, No. CV 14-05661 GHK (PJWx), Docket No. 23 ("Minutes (In Chambers) Order Re: Defendant City of Los Angeles' Motion to Strike, or in the Alternative, to Dismiss All Individually Named Plaintiffs Except Victor Acevedo") (Nov. 13, 2014) at 8 ("The City moves to strike Paragraphs 16 and 18 of Plaintiffs' Complaint, which 'relate only to those officers who are sergeants and lieutenants.'  In the alternative, the City moves for a more definite statement under Rule 12(e), that would require 'Plaintiffs to identify their different assignments, the time period of those assignments, and the rank(s) held during those assignments.'  This case will only have one Plaintiff going forward, and it is still unclear what rank(s) he held, because Plaintiffs' Complaint is devoid of such allegation.  We do not yet know whether this paragraph will have any bearing on Mr. Acevedo's suit, but find it would be more expeditious to establish this fact in discovery – if needed.  Moreover, the City's request for a more definite statement is unnecessary now that the Complaint only involves one Plaintiff.  In reality, the City knows Mr. Acevedo's rank.  The City's Third Motion to Strike is DENIED").

[102]*Id.* at 18

[103]Complaint, ¶ 21.

1   was assigned to any speciality detail such that she has a donning and doffing claim.  Accordingly,

2   the court denies the City's motion to strike Paragraph 21.  See *Aldaz*, 2014 WL 6473411 at*5

3   ("Paragraph 21 concerns plaintiffs who worked speciality details 'in addition to their normal

4   assignments.'  Because it is not clear from the complaint whether Aldaz worked any of these

5   specialty details, and because motions to strike are disfavored in federal practice, the Court

6   DENIES the City's motion to strike [this] paragraph[ ]").

7

8                              **III.   CONCLUSION**

9           For the reasons stated, the court grants the City's motion to dismiss plaintiffs Gerry

10  Chamberlain, Terence Klafke, Judith Larsen, Roberto R. Lopez, Sandra Lopez, Cathy Luke,

11  James Lumpkin, Robert Martinez, Lawrence Mullaly, Blanca Pasos, Monica Quijano, Esther

12  Reyes, Gilbert Sanchez, Javier Sanchez, Kenneth Santolla, Timothy Schey, and Yvonne Whiteman

13  for improper joinder under Rule 20 of the Federal Rules of Civil Procedure.  The court grants in

14  part and denies in part the City's motion to strike.  Specifically, the court grants the City's motion

15  to strike Paragraph 5, but denies its motion to strike each of the joined plaintiffs, as well as

16  Paragraphs 16, 18, and 21.

17

18  DATED: December 5, 2014

19                                        MARGARET M. MORROW
                                          UNITED STATES DISTRICT JUDGE
20

21

22

23

24

25

26

27

28

29